**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CR-98-206-D |
| | ) |
| STANFORD PETERSON, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Defendant's Motion for Early Termination of Supervised Release [Doc. No. 722]. Defendant was sentenced on June 1, 1999, to a 235-month sentence. Pursuant to the Court's Order [Doc. No. 679] entered on May 2, 2008, Defendant was granted a sentence reduction and his sentence was reduced to 168 months. In addition to his term of imprisonment, Defendant was required to serve a five-year term of supervised release. He states in the motion that he began serving his supervised release term following his release from incarceration in 2011.[1] He states he has served in excess of one year of the term of his supervised release with exemplary behavior.

As directed by the Court, the government filed a response to the motion [Doc. No. 725]. The government advised that it consulted with the United States Probation Office regarding Defendant's request. The Probation Office reported that Defendant has had no positive UA's during his supervised release but has submitted two diluted UA's and has missed seven appointments when he was to have provided UA's for analysis.

The Probation Office objects to early termination of Defendant's supervised release because of the nature of Defendant's underlying conviction for conspiracy to distribute cocaine powder and

---

[1] In its response, the government states Defendant was released from the custody of the Bureau of Prisons in April 2010.

cocaine base (crack). For the same reasons, the government objects to Defendant's request.

In addition, Defendant has an outstanding money judgment of $5.25 million dollars, entered jointly and severally as to Defendant and several co-defendants in this case. The government further objects to early termination because Defendant has failed to complete paperwork requested of him regarding the money judgment or to make any payments toward the judgment.[2]

Pursuant to 18 U. S. C. § 3583(e), the Court "may terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release," if the Court is satisfied that "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U. S. C. § 3583(e)(1). The Court has considered Defendant's request as well as the information provided by the United States Probation Office and concludes that at this time it would not be in the interest of justice to grant early termination of supervised release. Based on the information presented, the Court concludes that continued supervision is warranted at this time.

IT IS THEREFORE ORDERED that Defendant's Motion for Early Termination of Supervised Release [Doc. No. 722] is DENIED without prejudice to his right to resubmit the motion at a later date.

IT IS SO ORDERED this 22nd day of July, 2014.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] The government suggests Defendant's failure to make payments toward his money judgment could serve as grounds to revoke his term of supervised release but does not request the Court to take any such action at this time.